ACCEPTED
15-25-00101-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/12/2025 4:25 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00101-CV

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/12/2025 4:25:36 PM
CHRISTOPHER A. PRINE
Clerk

---

*In re* M. Brett Cooper, M.D.,
*Relator.*

---

On Writ of Mandamus
493rd Judicial District Court, Collin County

---

**STATE'S RESPONSE TO COOPER'S
EMERGENCY MOTION TO STAY**

---

**To the Honorable Fifteenth Court of Appeals:**

Once again, litigants in this case are trying to micromanage the discovery rulings of a district court judge by appealing even the smallest of rulings to this Court. This self-created "emergency" stay does not concern sensitive medical records or a party deposition—rather, it concerns the agreed deposition of a third party that the district court ordered weeks ago. But rather than move quickly, Cooper rested on his laurels, then waited until less than a week prior to the deposition to mandamus this run-of-the-mill discovery order and seek an emergency stay of all "merits-based discovery," despite having recently sought merits-based discovery himself and despite the ordered deposition involving jurisdictional topics.

This stay request is unjustified for several reasons. *First*, Cooper will lose on the merits of his mandamus because the district court's order that the third-party

deposition would go forward did not "clearly abuse[] its discretion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008). "Courts always have jurisdiction to determine their own jurisdiction," *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (quoting *Hous. Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)) Cooper's stay motion fails to mention that all the arguments raised in his plea to the jurisdiction were already rejected by the district court back in February of this year. When Cooper first raised these arguments (albeit raised via the wrong vehicle, a 91a motion to dismiss), the district court denied his jurisdictional arguments based on the pleadings and ruling that his jurisdictional arguments based on the facts required additional discovery to resolve. The third-party deposition at issue in this mandamus filing is part of that ordered jurisdictional discovery. And while the district court acknowledged that the deposition would also involve merits-related questions, the district court permitted it to go forward because there is a high degree of overlap between the jurisdictional and merits issues in this case. That is not controversial. *Tex. S. Univ. v. Young*, 682 S.W.3d 886, 888–89 (Tex. 2023) (Young, J., concurring) (noting "there will sometimes—often—be some overlap with the merits" in jurisdictional discovery, and observing that "[o]rdering jurisdictional discovery would be a clear abuse of discretion only if it necessarily trespasses so far into the merits that any tether to pending jurisdictional questions was illusory or pretextual").

*Second*, Cooper is incorrect that jurisdictional discovery deprives him of an interlocutory appeal. "[T]rial courts considering a plea to the jurisdiction have brought discretion to allow 'reasonable opportunity for targeted discovery' and to grant

parties more time to gather evidence and prepare for such hearings." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 233 (Tex. 2004)). Jurisdictional discovery when needed is a good thing, not an abuse of discretion. Furthermore, Cooper is not entitled to an interlocutory appeal at all, because the State's claims against him are in his individual capacity. And while a state official sued in his official capacity "can file a plea to the jurisdiction in defense of the official capacity claims against him" under section 51.014(a)(8) of the Civil Practice and Remedies Code, the same state official can only challenge *individual* capacity claims against him via interlocutory appeal after he loses "a motion for summary judgment on official immunity grounds" pursuant to section 51.014(a)(5). *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845–46 (Tex. 2007).

*Third* and finally, Cooper's request to stay "merits-based discovery" is fruitless because the court has not *ordered* any exclusively merits-based discovery. The only discovery ordered by the court involves jurisdictional issues, some of which also involve merits-based issues. But that falls well within the court's discretion. Because the trial court's order of the third party deposition has a jurisdictional purpose and falls well within the court's power to determine its own jurisdiction, a stay should be denied.

## BACKGROUND

On February 3, 2025, Cooper filed a Rule 91 motion to dismiss the State's DTPA claim against him based on the Texas Tort Claims Act and sovereign immunity. MR.49. Cooper argued that as an employee of UTSW, which is a government

3

hospital, he was immune from suit under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.106(f) (TTCA), and that because the State should have sued UTSW instead of himself, he was excused from TTCA's requirement to substitute his employer because his employer had sovereign immunity. MR.51–58. He also argued the State failed to adequately plead its DTPA claim. MR.58.

The State opposed Cooper's motion. MR.66. The State pointed out several flaws, including that his arguments relied on affirmative defenses outside the pleadings; that his TTCA claim was based on alleged jurisdictional facts outside the pleadings that would require significant jurisdictional discovery to determine; and that because UTSW was not a party to the suit, sovereign immunity did not apply. MR.66–68, 71–76.

On February 28, 2025, after a hearing, the court denied Cooper's motion. The court expressly held regarding Cooper's TTCA and sovereign immunity claims: "I think the arguments y'all have raised require the Court to consider evidence. I just think that's where we're at. And so while I don't think they're properly raised in a 91a context, I am simply denying them as premature because the Court has to consider evidence." MR.206 68:3–11.

The court further encouraged the parties to confer on what types of jurisdictional discovery would be appropriate to decide "what the relevant discovery is," such as "billing records . . . , who actually paid—who received the payment for the treatment, was it UT Southwestern, was it Children's [a nongovernmental entity]," and other issues. MR.207 69:6–24.

4

Consistent with this ruling and with the State's arguments, the State has already sought billing records and other relevant jurisdictional discovery from Cooper, which he has refused to produce. MR.346, 358 (noting that Cooper refused to produce billing records because the term was "vague, ambiguous, and overbroad," and additionally that they "seek information not related to the claims or defenses in this action"). The State has also noticed a jurisdictional deposition of Cooper, but Cooper has moved to quash. App'x Ex. A.

After refusing to produce any jurisdictional discovery beyond a few self-serving documents, Cooper repackaged his original motion to dismiss claims as a new plea to the jurisdiction, filed April 21, 2025. MR.252. The plea to the jurisdiction raises near-identical arguments to those in the motion to dismiss.

On May 29, 2025, the district court heard Cooper's plea to the jurisdiction and reiterated its earlier ruling from February 28 "that jurisdictional discovery is needed, and we will be identifying the jurisdictional discovery that will occur within the next 30 days today." MR.907 11:2–8. The court also repeated its February 28 ruling that Cooper's "employment agreement standing alone [is not] dispositive of" the jurisdictional issues, MR.910–11 14:24–15:15, and noted a non-exhaustive list of jurisdictional discovery still required, including payment records, a jurisdictional deposition of Cooper, a jurisdictional deposition of the two hospitals involved, and other payment and patient information, MR.908–10 12:19–14:12. Indeed, the court noted that because of the improper Dallas County order barring *any* production by the hospitals in this case, currently on appeal before this Court at 15-25-00023-CV and 15-25-00039-CV, the court was "hamstrung from deciding the plea [to the jurisdiction]

and from deciding many other motions until we get that opinion out of the Fifteenth Court of Appeals." MR.944 48:8–21. The court further noted that Cooper's counsel had turned discovery in this case into "one big game," refusing to respond to discovery "served back in January [for which] responses were due well prior to the plea," then arguing he did not need to respond based on said plea. MR.945–46 50:23–51:15.

Turning to the issue of the third-party patient deposition scheduled for June 17, 2025, the court noted that the deposition "would go to both jurisdiction and the merits," and therefore "order[ed] the deposition to go forward." MR.955 59:10–15. The court further noted that Cooper himself had "served merits-based discovery" and "did not withdraw [his] merits-based discovery upon the filing of [his] plea," then did not "withdraw it until the hearing today, when being presented by the issue." MR.955 59:16–25.

Two weeks later, on June 11, 2025, Cooper filed a mandamus petition seeking to block this third-party deposition set for June 17 and filed this stay seeking to stay merits-based discovery pending a resolution of his mandamus.

## ARGUMENT

### I. The Trial Court Did Not Abuse its Discretion by Ordering a Jurisdictional Deposition that Involves Merits Issues.

#### A. District courts have the power to determine their own jurisdiction, including through discovery.

It is uncontroversial that a district court acts well within its discretion when it orders jurisdictional discovery to decide a plea to the jurisdiction. When

6

jurisdictional facts are disputed, "disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a further development of the case." *Id.* at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28.

It is also well-established that jurisdictional discovery may also encompass discovery that addresses "the key factual issues related to the claim," particularly when the defendant seeks some form of sovereign or governmental immunity *Texas Southern*, 862 S.W.3d at 888. In *Texas Southern*, after the Supreme Court of Texas denied a mandamus petition brought by the State raising similar arguments to those brought by Cooper, Justice Young authored a concurrence explaining the denial. After collecting cases, he noted that when jurisdictional discovery is ordered, "there will sometimes—often—be some overlap with the merits, especially in *ultra vires* cases where the waiver of immunity, which implicates jurisdiction, is closely linked to the merits." *Id.* at 888–89. He explained that the "scope of jurisdictional discovery . . . will vary based on the scope of" the immunity (or immunity waiver) allegation. *Id.* at 889. He noted that while the district court's order of depositions "*could* be viewed as overbroad and beyond what is needed to determine the court's jurisdiction, . . . the order was not issued in a vacuum. Everyone knows its jurisdictional

7

purpose. Given that context, we cannot assume that any apparent imprecision or breadth reflects a trial court's intent to ignore jurisdiction and address the merits. Ordering jurisdictional discovery would be a clear abuse of discretion only if it necessarily trespasses so far into the merits that any tether to pending jurisdictional questions was illusory or pretextual." *Id.*

## B. The jurisdictional issues in this case are inextricably intertwined with merits issues.

Given the fact-bound nature of the immunity Cooper claims, the district court has already correctly acknowledged that it would be impossible to complete jurisdictional discovery in this suit without at least some overlap with the merits. Cooper claims he is immune from suit under the Texas Tort Claims Act because he works for UT Southwestern, a governmental entity. But to determine whether his alleged conduct—breaking the law to illegally prescribe testosterone to minor females—falls within the scope of the TTCA, Cooper must prove the State's claims are against an "employee" within the meaning of the TTCA, and that those claims are "based on conduct within the general scope of [his] employment" at UT Southwestern. Tex. Civ. Prac. & Rem. Code § 101.106(f). But an employee does not include "a person who performs tasks the details of which the governmental unit does not have the legal right to control." *Id.* § 101.001(2) (defining "Employee"). There is an open question of whether UT Southwestern had the right to control Cooper's conduct here, especially since it appears that much or all of the alleged illegal conduct in this case took place at Children's Hospital Dallas (a private hospital).

8

Furthermore, it is extremely unlikely that Cooper's illegal acts were within the scope of his employment. Section 101.106(f) of the TTCA is a vicarious liability statute, and as a general rule, employers are not vicariously liable for their employee's illegal acts. *Zarzana v. Ashley*, 218 S.W.3d 152, 160 (Tex. App.—Houston [14th Dist.] 2007, pet. struck) ("[E]mployers are generally not liable for serious criminal acts of employees that are unforeseeable considering the employee's duties."). Given that Cooper is alleged to have committed flagrant and intentional violations of the law that do not even constitute the practice of medicine, it is unlikely that UT Southwestern could be held liable for his actions unless UT Southwestern was aware of Cooper's misconduct.

The issues of Cooper's employment and the degree of control UT Southwestern exercised over him when he provided illegal drugs to minors at Children's go directly to jurisdiction. But these questions necessarily implicate the merits as well. For example, if Dr. Cooper were prescribing those drugs as part of a UT Southwestern authorized weaning protocol, that may fall within the scope of UT Southwestern's control and thus his employment. But if he were acting directly contrary to UT Southwestern's policies, he would not be acting within the scope of his employment and the TTCA would not apply. Because weaning is also a merits issue—SB 14 has an exception for weaning protocols, *see* Tex. Health & Safety Code § 161.703(c)— this discussion necessarily involves questions of both jurisdiction and the merits.

**C. Because the third party deposition involves jurisdictional questions, the district court did not abuse its discretion in ordering it to go forward on June 17.**

The third party deposition Cooper seeks to stay implicates all these issues. This deposition involves a nonparty patient that Cooper gave testosterone as a minor. One of the main areas of questioning will be whether Cooper gave the patient testosterone to wean off an existing gender treatment that was going on before SB 14 went into effect, or whether it was given to actively start or continue to transition the patient's biological sex in violation of Texas law. *Compare* Tex. Health & Safety Code § 161.702 (illegal uses of testosterone) *with* Tex. Health & Safety Code § 161.703 (exceptions). This issue is central to proving whether Cooper acted within the scope of his employment as regards that patient. It therefore falls squarely within the category of permissible jurisdictional discovery that has "some overlap with the merits" but nevertheless "implicates jurisdiction." *Texas Southern*, 682 S.W.3d at 888–89 (Young, J., concurring). The district court's decision to let the deposition go forward was well within its discretion. *See Vernco Constr., Inc. v. Nelson,* 460 S.W.3d 145, 149 (Tex. 2015) ("The jurisdictional determination should be made as soon as practicable because a court should not proceed with a case over which it has no jurisdiction; however, the court has discretion to defer the decision until the case has been more fully developed.").

**II. Cooper Will Not Be Harmed Because He Is Not Entitled to an Immediate Ruling or an Interlocutory Appeal on His Plea.**

Contrary to Cooper's assertion, he will suffer no harm from the State taking a third party deposition, beyond the ordinary costs incurred by any litigant—including

litigants with outstanding pleas to the jurisdiction. The Supreme Court has repeatedly held that "trial courts considering a plea to the jurisdiction have brought discretion to allow 'reasonable opportunity for targeted discovery' and to grant parties more time to gather evidence and prepare for such hearings." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 233 (Tex. 2004)). If a jurisdictional question requires discovery to resolve it, ordering that discovery is not an irreparable harm, even if the discovery ultimately proves that the defendant arguing a lack of jurisdiction is correct. Instead, a district court that orders jurisdictional discovery properly "exercises its discretion." *Miranda*, 133 S.W.3d at 227.

Cooper is also incorrect that a denial of his plea to the jurisdiction would allow him an automatic interlocutory appeal to this Court (and an automatic stay in the trial court pending appeal). Cooper claims he could avail himself of the appeal provision in section 51.014(a)(8) of the Civil Practice and Remedies Code. But that provision only authorizes interlocutory appeals from denials of "a plea to the jurisdiction by a governmental unit." *Id.* The Supreme Court has held that while "governmental unit" includes "[a] person sued in an official capacity," section 51.014(a)(8) does *not* apply to claims brought against a governmental employee sued in his *individual* capacity. *Koseoglu*, 233 S.W.3d at 845. Rather, the only mechanism for a governmental employee to appeal the denial of immunity for *individual capacity* claims against him is pursuant to section 51.014(a)(5), which authorizes an interlocutory appeal after the district court "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the

11

state or a political subdivision of the state." *Id.*; *accord Koseoglu*, 233 S.W.3d at 845–46 ("[A]n official sued in both his official and individual capacities can file a plea to the jurisdiction in defense of the official capacity claims against him and at the same time file a motion for summary judgment on official immunity grounds on the individual capacity claims against him.").

The State has repeatedly reiterated that its claims against Cooper are in his individual capacity, not his official capacity. For example, the State has argued that this suit does not "seek[] relief that would lie against the governmental principal rather than the agent personally, such as compelling payment of funds from the public treasury." MR.75 (quoting *GTECH Corp. v. Steele*, 549 S.W.3d 768, 784 (Tex. App.—Austin 2018) (explaining how to differentiate whether a government employee is sued in his official or personal capacity), *aff'd sub nom. Nettles v. GTECH Corp.*, 606 S.W.3d 726 (Tex. 2020)). Nor does the State seek to "control state action" or subject UT Southwestern to liability—rather, the lawsuit seeks relief from Cooper personally, such as civil penalties and a permanent injunction to bar *him* from prescribing testosterone to minor females. MR.75–76 (quoting *GTECH*, 549 S.W.3d at 786). As such, by requiring additional jurisdictional discovery to rule on Cooper's plea, including the ordered third party deposition, the district court has deprived Cooper of nothing and instead is trying to determine whether his plea has merit. That is well within the court's discretion.

# PRAYER

For the foregoing reasons, the State respectfully prays that this Honorable Court deny Relator's Emergency Motion to Stay.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

/s/ Abigail E. Smith
ABIGAIL E. SMITH
Assistant Attorney General
State Bar No. 24141756

Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711
Tel: (214) 290-8830
Fax: (214) 969-7615
*Counsel for the State*

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

---

*IN RE* M. BRETT COOPER, M.D.,
*Relator.*

---

On Writ of Mandamus
493rd Judicial District Court, Collin County

---

## APPELLANT'S APPENDIX

---

Tab

**1.** Defendant M. Brett Cooper, M.D.'s Motion to Quash Deposition
Subpoena and Motion for Protective Order .............................................. A

Tab A: Motion to Quash

CAUSE NO: 493-08026-2024

| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| M. BRETT COOPER, M.D., | § | |
| | § | |
| Defendant. | § | 493RD JUDICIAL DISTRICT COURT |

**DEFENDANT M. BRETT COOPER, M.D.'S MOTION TO QUASH**
**DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Defendant M. Brett Cooper M.D. ("Dr. Cooper") respectfully moves to quash the State's Notice of Oral Deposition scheduled for July 14, 2025, under Texas Rule of Civil Procedure 199.4, and, in the alternative, for a protective order under Rule 192.6. As explained below, Dr. Cooper's counsel made clear he would only be available on July 14 for a deposition on jurisdictional issues—he otherwise objects to the time and place of this deposition. The deposition as noticed constitutes impermissible merits-based discovery while Dr. Cooper's Plea to the Jurisdiction remains unresolved.

This Motion is timely filed under Rule 199.4 within three business days of service of the notice of deposition. Pursuant to Rule 199.4, an objection to the time and place of a deposition stays the deposition. Dr. Cooper respectfully asks this Court to quash the State's Notice of Oral Deposition, or in the alternative, issue a protective order limiting the deposition solely to jurisdictional topics.

**BACKGROUND**

On April 25, 2025, Dr. Cooper filed a combined Plea to the Jurisdiction and Motion to Dismiss in response to the State's First Amended Petition. Dr. Cooper's Plea asserts that the lawsuit is barred by sovereign immunity under Section 101.106(f) of the Texas Civil Practice and Remedies Code because he was sued as a State employee for acts within the scope of his employment, and the lawsuit could have been brought under the Texas Tort Claims Act.[1] *See* Tex. Civ. Prac. & Rem. Code § 101.106(f); *Skapek v. Perkins*, No. 05-16-00796-CV, 2017 WL 655950, at *2 (Tex. App.—Dallas Feb. 17, 2017, pet. denied) (citing Tex. Civ. Prac. & Rem. Code § 101.106(f)).

Importantly, the State has not brought an *ultra vires* suit. That is, the State did not sue Dr. Cooper in his official capacity, and the State has not limited the relief sought to prospective injunctive relief. *See City of Austin v. Util. Assocs., Inc.,* 517 S.W.3d 300, 308 (Tex. App.-Austin 2017, pet. denied) ("There are four important requirements for such a suit. First, the suit must formally be pleaded against a governmental official, in his or her official capacity[.]"); *City of El Paso v. Heinrich,* 284 S.W.3d 366, 376 (Tex. 2009) (*Ultra vires* suits only allow for "prospective injunctive relief."). As a result, the Court's jurisdiction hinges entirely on whether Dr. Cooper was functioning as a state employee—*not* whether his conduct was allegedly improper. *Garza v. Harrison*, 574 S.W.3d 389, 394 (Tex. 2019) (citing *Laverie v. Wetherbe*, 517 S.W.3d 748, 753

[1] Specifically, Dr. Cooper is "an employee of the University of Texas Southwestern Medical Center" being sued for actions taken "in the course of his medical practice." First Amended Petition ¶¶ 1, 197. The State sued Dr. Cooper for allegedly: (1) providing gender-affirming care in violation of Tex. Health & Safety Code § 161.702(3); (2) falsifying medical records, prescriptions, and billing records to intentionally conceal the unlawful conduct in violation of Tex. Bus. & Com. Code §§ 17.46(a), (b)(5) (the "DTPA"); and for (3) "prescrib[ing], dispens[ing] and administer[ing]" testosterone "without a valid medical purpose" in violation of Tex. Health & Safety Code § 481.071 (the "Texas Controlled Substances Act" or "TCSA").

(Tex. 2017)). The question is not whether Dr. Cooper acted lawfully or unlawfully, it's whether he was "doing his job." *Garza*, 574 S.W.3d at 394.

At the May 29, 2025 hearing on Dr. Cooper's Plea to the Jurisdiction, the Court ordered targeted jurisdictional discovery to proceed before ruling on the Plea's substance. *See* May 29 Hr'g Tr. at 9:21–23. The Court delineated certain categories of jurisdictional discovery it deemed necessary to resolve the Plea, which included "[a] jurisdictional deposition of the individual medical provider. Here, that would be Cooper." May 29 Hr'g Tr. at 13:5–24. The Court declined "at present" to limit the deposition of Dr. Cooper to specified topics, but expressly left open the possibility of limitations based on further discussion and briefing:

> As it relates to Dr. Cooper, at present, the Court declines to limit to topics. We will select a date for Dr. Cooper, get it scheduled, y'all will have further discussions, and if y'all are not able to reach agreement, the Court will review its case law and render a decision related to the request that it be limited to topics.

*Id.* at 57:13–19.

In advance of the hearing, on May 21, 2025, the parties conferred to try to reach agreements regarding Dr. Cooper's jurisdictional deposition. Holland Decl. ¶ 2. At that time, the State explained it would not ask Dr. Cooper about patient care with respect to specific patients, but would question Dr. Cooper generally about the gender-affirming care he provided. Holland Decl. ¶ 3. The State even indicated a willingness to enter into a Rule 11 Agreement to that effect. *Id*. But after the May 29 hearing, when Dr. Cooper sought to have the "further discussions" ordered by the Court, the State indicated it was opposed to the idea of limiting the deposition to topics. Holland Decl. ¶ 5. Dr. Cooper's counsel indicated that if the State was "willing to agree to jurisdictional topics, we and Dr. Cooper can be available for a deposition on July 14," making clear that "we will present Dr. Cooper for a deposition on jurisdictional issues only." *Id.* The State responded on June 9, 2025, by serving a deposition notice for Dr. Cooper's deposition on

July 14, 2025. Holland Decl. ¶ 6. The State's Notice of Oral Deposition does not include any limitation to jurisdiction or list topics for the deposition. Nor has the State proposed any Rule 11 Agreement to limit the deposition to jurisdictional issues only. *Id*.

## LEGAL STANDARDS

Under Texas Rule of Civil Procedure 199.4, a party "may object to the time and place designated for an oral deposition by motion for protective order or by motion to quash the notice of the deposition. If the motion is filed by the third business day after service of the notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined." Tex. R. Civ. P. 199.4. Further, parties have the right to protection "from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights." *Crown Central Petroleum Corp. v. Garcia,* 904 S.W.2d 125, 128 (Tex. 1995) (citing former Tex. R. Civ. P. 166b(5), now Rule 192.6(b)). Rule 192.6 allows the Court to make any order to protect the movant from these harms including limiting "the extent or subject matter of discovery." Tex. R. Civ. P. 192.6(b)(2).

## ARGUMENT

The State's noticed deposition of Dr. Cooper must be quashed because it fails to limit the deposition to jurisdictional matters, despite this Court's order for a "***jurisdictional*** deposition of the individual medical provider," and binding Texas Supreme Court precedent holding that "a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *See* May 29 Hr'g Tr. at 13:5–24 (emphasis added); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The State's Notice omits any statement of scope, includes no list of topics, and gives no indication that the State's questions will be limited to the discrete jurisdictional issues necessary to resolve Dr. Cooper's pending Plea. The State has also

refused to provide clarification or enter into any agreement to that effect, despite Dr. Cooper's requests to meet and confer on this issue following the hearing. In short, the Notice contemplates an unrestricted deposition allowing full merits discovery without any confinement to jurisdictional issues. Allowing the deposition to proceed without guardrails violates the Court's directive for a "jurisdictional" deposition and undermines the purpose of Section 101.106(f)—to spare parties the "burden and expense of litigation before their claims of immunity from suit have been determined." *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.-Beaumont Aug. 16, 2018, orig. proceeding).

Jurisdiction must be the Court's "first consideration." *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 174 (Tex. App.-Houston [14th Dist.] 1994, orig. proceeding). If "even one jurisdictional argument remains unresolved," the court "must not proceed on the merits." *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 868–69 (Tex. 2023); *In re Torres*, No. 13-17-00172-CV, 2017 WL 2665986, at *5 (Tex. App.-Corpus Christi, June 21, 2017 orig. proceeding). While limited discovery may be permitted to resolve a jurisdictional plea, that discovery must be narrowly "confine[d] to the evidence relevant to the jurisdictional issue." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Quested v. City of Houston*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (A court may permit targeted discovery of facts "material to the trial court's assessment of [the] plea to the jurisdiction.").

Without Court intervention, the State's unlimited deposition undoubtedly will veer into merits topics. Indeed, the State made clear on the record at the May 29 hearing that it believes "whether or not Dr. Cooper was operating in compliance with hospital policy" is relevant jurisdictional discovery. May 29 Hr'g Tr. at 37:22–23. But whether Dr. Cooper followed UTSW policy or procedures is not a jurisdictional issue here. That question would only be relevant if the

5

State had pleaded an *ultra vires* claim, which it has not done. *Compare* February 28, 2025 Hr'g Tr. at 63:2-4 ("Dr. Cooper himself was not sued in his official capacity. He was sued in his individual capacity.") *with City of Austin*, 517 S.W.3d at 308 (*Ultra vires* suits "must formally be pleaded against a governmental official, in his or her official capacity."); *compare* FAP ¶ 207(i)) (seeking civil penalties as a form of relief); *with City of El Paso*, 284 S.W.3d at 376 (*Ultra vires* suits only allow for "prospective injunctive relief"). The State's insistence on questioning Dr. Cooper about compliance with UTSW's policies is a transparent attempt to conduct premature merits discovery under the guise of jurisdiction. If the Court does not quash the State's deposition subpoena, Dr. Cooper requests that it enter a protective order limiting the deposition to jurisdictional topics in advance.

Moreover, without the benefit of receiving and reviewing documents from the hospitals (production of which is currently stayed by the 15th Court of Appeals, as this Court confirmed at the May 29 hearing), Dr. Cooper cannot adequately prepare for a deposition on July 14, 2025—jurisdictional or otherwise. The State has indicated it thinks "hospital policy" is relevant to both jurisdiction and merits issues. But any such policies have yet to be produced. This is why the case schedule agreed upon by the parties and entered by the Court on April 22, 2025 provided for party depositions on October 1, 2, 3, or 8, 2025—to allow sufficient time for document discovery beforehand.[2]

---

[2] Further, because the Court has not yet ruled on Dr. Cooper Rule 91a Motion to Dismiss the State's criminal Texas Controlled Substances Act claim under Tex. Health & Safety Code § 481.071—and cannot do so until the Plea is resolved—the State is asking Dr. Cooper to testify from memory with the threat of criminal exposure hanging over his head.

Should the Court decline to quash the deposition, the appropriate and proactive remedy is to issue a protective order strictly limiting Dr. Cooper's deposition to jurisdictional topics, thereby avoiding the need for repeated objections to scope or the invocation of the Fifth Amendment.

## **PRAYER**

For the reasons stated above, Dr. Cooper respectfully asks this Court to quash the July 14 deposition subpoena. In the alternative, Dr. Cooper requests that the Court enter a protective order limiting the deposition to the following jurisdictional questions:

1. The existence, scope, and duration of an employer-employee relationship between the University of Texas Southwestern Medical Center (UTSW) and Dr. Cooper.

2. The identity of the entity that pays Dr. Cooper's salary.

3. Dr. Cooper's assignment of rights related to payment for professional services he renders in the scope of his employment.

4. Dr. Cooper's general professional duties and responsibilities related to patient care and treatment in his capacity as an employee of UTSW. However, this topic specifically excludes testimony about Dr. Cooper's care and treatment of any individual patient, including Patients One through Fifteen identified in the State's First Amended Petition.

5. The general existence of UTSW-issued rules, regulations, or policies related to patient care and treatment. This topic specifically excludes testimony about whether and to what extent Dr. Cooper in fact complied with any particular UTSW rule, regulation, or policy.

Dated: June 11, 2025

Respectfully submitted,

*/s/ Avi Moshenberg*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
(832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

7

Simona Agnolucci (*pro hac vice*)
Barrington Dyer (*pro hac vice*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pro hac vice*)
Zoe Packman (*pro hac vice*)
Isabella McKinley Corbo (*pro hac vice*)
Remy Carreiro (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
333 Bush St, 34th Floor
San Francisco, CA 94104
(415) 858-7470
sagnolucci@willkie.com
bdyer@willkie.com
jhardy2@willkie.com
aholland@willkie.com
zpackman@willkie.com
icorbo@willkie.com
rcarreiro@willkie.com
*Attorneys for Defendant*
*M. Brett Cooper, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this June 11, the foregoing was served by email and/or by electronic filing service on all counsel of record.

/s/     *Anika Holland*
Anika Holland

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 101961636
Filing Code Description: Response
Filing Description: 20250612 States Resp to Emerg Mtn Stay  Ex A
Status as of 6/12/2025 4:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Simona  Agnolucci | | sagnolucci@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Barrington Dyer | | bdyer@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Anika  Holland | | aholland@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Isabella Corbo | | icorbo@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Zoe Packman | | zpackman@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Emma Rodriguez | | erodriguez@willkie.com | 6/12/2025 4:25:36 PM | SENT |
| Johnathan  Stone | | johnathan.stone@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| David Shatto | | david.shatto@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 6/12/2025 4:25:36 PM | SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 6/12/2025 4:25:36 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 6/12/2025 4:25:36 PM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Abby Smith | | abby.smith@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 101961636
Filing Code Description: Response
Filing Description: 20250612 States Resp to Emerg Mtn Stay  Ex A
Status as of 6/12/2025 4:45 PM CST

Associated Case Party: The State of Texas

| Pauline Sisson | | pauline.sisson@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
|---|---|---|---|---|
| Emily Samuels | | emily.samuels@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 6/12/2025 4:25:36 PM | SENT |